# United States Court of Appeals
## For the First Circuit

No. 08-2455, 09-1018

UNITED STATES OF AMERICA,

Appellee,

v.

KENDRA D'ANDREA and WILLIE JORDAN,

Defendants, Appellants.

ERRATA SHEET

The opinion of this court issued on May 10, 2011, is amended as follows:

On page 9, lines 1-4, replace the first sentence of this paragraph with the following sentence: "For the purpose of defending this appeal only, the government does not dispute that defendants had a subjective expectation of privacy in their password-protected online account and that this expectation of privacy was, at least initially, reasonable."

On page 15, lines 7-8, replace the words "that the government expect its search to reveal" with the words "a virtual certainty that the government's search will reveal".

On page 15, at line 17, replace the sentence immediately following the citation to Arizona v. Hicks, 480 U.S. 321, 328 (1987), with the following sentence: "To comply with this limitation, the evidentiary hearing should explore whether, at the time the DSS agents accessed the website, the Tipster's information would have left a reasonable agent virtually certain that the website was used to house child pornography, and not some other significant data."  At the conclusion of this sentence, insert a footnote symbol "12".  The footnote should read as follows:

"To be clear, the question is not whether the particular agents involved expected, to a virtual certainty, to find nothing of significance except for contraband in the online account.  If Jacobsen's "virtual certainty"

standard is to be reconciled with the Supreme Court's insistence that governmental action is "reasonable" under the Fourth Amendment, regardless of the individual officer's state of mind, so long as the objective circumstances justify the action, e.g., Brigham City v. Stuart, 547 U.S. 398, 403-04 (2006), the inquiry can only be whether, under the circumstances, a reasonable agent would have been virtually certain that the search would reveal nothing of significance other than contraband. Cf. Illinois v. Andreas, 463 U.S. 765, 782 (1983) (Stevens, J., concurring) (pointing to "the unique character" of the container and "other circumstantial evidence" as indicative of whether there was "'virtual certainty' that police would find contraband inside an unusual container that they had lawfully seized")."

The subsequent footnotes in the opinion should be renumbered accordingly.

On page 19, lines 7-9, replace the first sentence of this paragraph with the following sentence: "Moreover, no other exigency can support an affirmance on this appeal because we cannot say with certainty, based on the record as it currently stands, that the Tipster's uncorroborated call provided probable cause that a crime was committed."

On page 20, lines 4-9, delete the following citation: "United States v. Martins, 413 F.3d 139, 147 (1st Cir. 2005) ("To rely upon the [emergency aid] doctrine, the government must show a reasonable basis, approximating probable cause, both for the officers' belief that an emergency exists and for linking the perceived emergency with the area or place into which they propose to intrude.") (emphasis added)." Change the semicolon immediately preceding this citation to a period.